[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiff, Geenty, Inc., instituted this action against defendant, James Stokes Hatch, to recover a real estate commission pursuant to a written real estate listing agreement between plaintiff and defendant. On June 21, 1990, defendant filed a motion for summary judgment and a supporting memorandum of law. Defendant contends he is entitled to summary judgment on three grounds: 1) The real estate agreement between the parties expired by its terms before the alleged commission was earned; 2) The real estate listing agreement is unenforceable because it does not contain all material conditions of the contract as required by Conn. Gen. Stat. 20-325a(b); 3) No commission has been earned pursuant to the real estate listing agreement in question. Defendant has filed an affidavit and various exhibits in support of the motion for summary judgment. On July 13. 1990, plaintiff filed a memorandum of law in opposition to the motion for summary judgment. Plaintiff has filed the affidavit of Kevin C. Geenty.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279
(1989). The moving party must show the absence of any material disputed issues. Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Barkowski, 206 Conn. 495, 500 (1985).
Paragraph two of the real estate listing agreement provides in relevant part: "Upon termination of this listing agreement, we will provide you with a list of all viable prospects to whom we have shown the property. You agree that we will be the procuring agent should any of these prospects enter into an agreement to PURCHASE/LEASE/EXCHANGE the property within ninety (90) days after the listing termination date."
The court finds that a genuine issue of fact exists as to whether the plaintiff complied with paragraph two of the real estate listing agreement between plaintiff and defendant. Accordingly, defendant's motion for summary judgment is denied.
As to the other issues, the court finds the terms of the listing agreement comply with the statute. The court further finds that the terms of the agreement indicate it concluded on June 30th.
PICKETT, J. CT Page 4858